UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL ROMERO,

                Plaintiff,                    **REPORT AND RECOMMENDATION**
                                                             **19 CV 4179 (LDH) (LB)**

   -against-

QUALITY FACILITY SOLUTIONS,
FREDDY COLON, and ARIEL NUNEZ,

                Defendants.
------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff Manuel Romero brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging that his supervisor, Freddy Colon, coerced plaintiff to give Colon a personal loan and then retaliated against plaintiff when he requested Colon to repay him. The parties now request the Court to approve the dismissal of plaintiff's FLSA claim with prejudice and his state law claims without prejudice so that he may refile his claims in New York State court. For the reasons stated below, the parties' request should be granted.

## BACKGROUND

      Plaintiff commenced this action *pro se* by filing his complaint on July 17, 2019. Plaintiff was employed by Quality Facility Solutions ("QFS"), a private maintenance company with a city contract to clean and maintain police precincts, among other locations. Compl. ECF No. 1. Plaintiff's complaint alleges that in July of 2017, defendant Colon, a manager at QFS, pressured plaintiff to give him a $6,500.00 personal loan with the threat that plaintiff would lose his job if he did not provide the loan. Id. Defendant Colon gave plaintiff three promissory notes over time, and eventually Colon's daughter paid plaintiff back $1,500.00. Id. Plaintiff began asking Colon to repay the rest of the money in September of 2017 and alleges that Colon retaliated against him by cutting his work hours. Id. In October of 2018,

plaintiff sought and obtained a judgment in Queens County small claims court against Colon for the unpaid portion of the loan. Id. Plaintiff has not worked for QFS since May 14, 2019, however, he was never suspended or terminated. Id.

Plaintiff retained counsel and filed an amended complaint on December 4, 2020. ECF Nos. 19, 24. On February 22, 2021 the parties filed a joint stipulation dismissing plaintiff's FLSA claim. ECF No. 37. The Court held a status conference on March 9, 2021 to determine whether the requested dismissal was related to a settlement, and therefore required settlement approval pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The parties stated they intend to dismiss the federal FLSA claim so that plaintiff can pursue his claims in state court, the appropriate forum. Docket Entry 03/09/2021. Following the conference, the Court directed the parties to file a letter explaining the circumstances underlying the stipulation. Id. The parties now move to dismiss plaintiff's FLSA claim with prejudice and request the Court's approval. ECF No. 41.

## DISCUSSION

A Court may dismiss an action at the plaintiff's request pursuant to Federal Rule of Civil Procedure 41(a)(2). Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."). "Generally, a motion under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby." Stinson v. City Univ. of New York, No. 18 Civ. 5963 (RA), 2020 WL 2133368, at *2 (S.D.N.Y. May 4, 2020) (internal quotation omitted). A dismissal under Rule 41(a)(2) is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(2). "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of

the district court or the [Department of Labor] to take effect."[1] Cheeks, 796 F.3d at 206. Generally, pursuant to Cheeks, the Court must ensure that the settlement agreed to by the parties is "fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (setting out factors to determine if a settlement is fair and reasonable).

In this case, however, the parties stipulate to dismiss plaintiff's FLSA claim not pursuant to a settlement, but rather to allow plaintiff to pursue his other claims in state rather than federal court. Transcript of 03/09/21 Conference ("Transcript"), ECF No. 42, 4:10–13. After retaining counsel, plaintiff was able to discuss his claims with counsel. Together they determined that the FLSA was not the proper basis for plaintiff's claims, and therefore this action should properly be in state court. Transcript, 4:7–20. Defendants consent to this request. See ECF No. 41. Plaintiff requests that his FLSA claim be dismissed with prejudice, but that his NYLL claims be dismissed without prejudice. ECF No. 41.

Dismissal is appropriate in these circumstances. The Second Circuit in Cheeks described the FLSA as a "uniquely protective statute," as low wage employees often face extenuating economic and social circumstances that make them more susceptible to coercion and unreasonable, deceptive settlement offers. Cheeks, 796 F.3d at 205–207 (quoting Socias v. Vornado Realty L.P., 297 F.R.D. 38, 40 (E.D.N.Y. 2014)). Plaintiff is undeniably the type of worker the FLSA is designed to protect, but he is represented here by counsel who has explained to plaintiff that Colon's actions and failure to repay the loan do not squarely fit within the conduct proscribed by the FLSA. Declaration of Plaintiff. ECF

---

[1] While cases seeking settlement approval pursuant to Cheeks are usually seeking dismissal under Rule 41(a)(1)(A)(ii), that rule is not applicable here because the parties have not filed a stipulation signed by all parties. Fed. R. Civ. P. 41(a)(1)(A)(ii). Here, plaintiff alone is requesting dismissal. Fed. R. Civ. P. 41(a)(2).

No. 41-1. Plaintiff and his attorney agree that this action should be pursued in state court under state law. Plaintiff should be permitted to do so.

## CONCLUSION

Accordingly, the Court should grant the instant request: plaintiff's FLSA claim should be dismissed with prejudice, and his remaining claims should be dismissed without prejudice.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                  /S/
                                          LOIS BLOOM
                                          United States Magistrate Judge

Dated: May 13, 2021
      Brooklyn, New York